IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA SHANE KIRK, SR., | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| | : **JURY TRIAL DEMANDED** |
| v. | : |
| | : |
| LEXISNEXIS RISK SOLUTIONS, INC., | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Joshua Shane Kirk, Sr. ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant LexisNexis Risk Solutions, Inc. ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined in the FCRA.

3. Defendant reported inaccurate information on Plaintiff's consumer report(s) concerning an insurance claim with Allstate Insurance (the "Allstate Claim"). Defendant reported the Allstate Claim as having(i) a policy holder named Laurie

Williams; (ii) a vehicle operator named Joshua Kirk; and (iii) a vehicle involved described as "PT CR" (presumably PT Cruiser).

4.     The Allstate policy reflected in the Allstate Claim was not Plaintiff's insurance policy.  Plaintiff was not the owner or operator of the PT Vehicle described in the Allstate Claim.  Plaintiff did not make a claim in relation to the matter described in the Allstate Claim.  Defendant's report of the Allstate Claim in Plaintiff's consumer report(s) was inaccurate because the matter was not his responsibility in any manner whatsoever.

5.     Defendant additionally reported other inaccurate information about Plaintiff in its consumer report(s) about him, to wit: (i) a second Allstate account that belongs to Plaintiff's son, not Plaintiff and bearing account number ending in -4075 and (ii) the names of Lee and Kelly Cowart that do not belong to Plaintiff. These items are inaccurate.

6.     Plaintiff has been harmed as a result of Defendant's conduct.

## PARTIES, JURISDICTION, AND VENUE

7.     Plaintiff is a natural person and a "consumer" under the FCRA.  He resides in this District and Division.

8.     At all times material to this action, Defendant was a Georgia corporation doing business in the State of Georgia and in this District.

9.      Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

10.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

11.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

12.     Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

13.     In 2024, Plaintiff sought auto insurance for his vehicle.

14.     In relation to Plaintiff's application for auto insurance, Defendant provided a consumer report concerning Plaintiff to one or more insurance companies.

15.     The consumer report(s) Defendant provided about Plaintiff were referred to as C.L.U.E. reports.

16.     The consumer reports Defendant provided about Plaintiff to the insurance company or companies contained inaccurate information that belonged to

Plaintiff's son and not to Plaintiff, to wit: the Allstate Claim and the additional inaccurate information described in Paragraph 5 above.

17.  Defendant failed to follow reasonable procedures to assure that the consumer report(s) it prepared and provided about Plaintiff to the insurance companies was accurate.  Defendant's conduct violated the FCRA.

18.  In November 2024, Plaintiff wrote to Defendant and disputed the inaccurate information including the Allstate Claim with Defendant.

19.  Defendant received Plaintiff's dispute.

20.  Defendant did not delete the Allstate Claim from Plaintiff's credit file as a result of Plaintiff's dispute.

21.  Defendant failed to conduct a reasonable reinvestigation of Plaintiff's dispute.  Defendant violated the FCRA in its handling of Plaintiff's dispute.

22.  As a result of Defendant's violations of the FCRA, Plaintiff suffered damages including being denied the best available auto insurance rates; having to pay higher insurance rates; emotional distress; reputational harm; sleeplessness from worrying about how he could afford higher insurance costs; time and effort reviewing his credit file to understand what Defendant had done and that Defendant was reporting (and still reports) false and inaccurate information about him; and other damages to be shown at trial.

23. Plaintiff has also had to retain counsel to protect his rights.

## COUNT ONE:

### Defendant's Violation of the FCRA – 15 U.S.C. § 1681e(b)

24. The consumer report(s) that Defendant prepared concerning Plaintiff were inaccurate for the reasons described above because the Allstate Claim did not belong to or relate to him and the other inaccurate information concerning the additional Allstate policy and false names were inaccurate.

25. Defendant negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer reports it prepared on Plaintiff and provided to insurance companies about him.

26. As a result, Plaintiff has suffered and is entitled to recover for his actual damages as described in Paragraph 22 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

27. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. 1681n(a)(1)(A).

28. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

29. Plaintiff is also entitled to recover the costs of this action and his reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

## COUNT TWO:

### Defendant's Violation of the FCRA – 15 U.S.C. § 1681i(a)

30. In November 2024, Plaintiff disputed the inaccurate information Defendant was reporting about him in his credit file including the Allstate Claim.

31. Defendant received Plaintiff's dispute.

32. Defendant did not delete the Allstate Claim from Plaintiff's credit file as a result of Plaintiff's dispute.

33. Defendant failed to undertake a reasonable reinvestigation of Plaintiff's dispute in violation of 15 U.S.C. § 1681i(a). Defendant's conduct violated the FCRA.

34. Defendant failed to consider all relevant information provided by Plaintiff in its handling of his dispute and therefore violated the FCRA.

35. Defendant failed to mark the Allstate Claim as disputed following its completion its reinvestigation of Plaintiff's dispute and therefore violated the FCRA.

36. Defendant negligently or recklessly and willfully failed to comply with section 1681i(a) of the FCRA in its handling of Plaintiff's dispute.

37. As a result, Plaintiff has suffered and is entitled to recover for his actual damages as described in Paragraph 22 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

38. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681i(a), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

39. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681i(a), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

40. Plaintiff is also entitled to recover the costs of this action and his reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1. that he have a jury trial on his claims herein;

2. an award of actual damages in his favor;

3. an award of statutory damages in his favor;

4. an award of punitive damages in his favor;

5. an award of his costs and reasonable attorney's fees; and,

6. all other relief the Court deems just and proper.

This 30th day of December, 2024.

**LOVE CONSUMER LAW**

*/s/ John A. Love*
John A. Love
Ga Bar No. 459155
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com